OPINION OF THE COURT
Edward S. Conway, J.
This is an article 78 proceeding in which petitioner seeks a judgment: (1) reversing respondents’ denial of petitioner’s application for a prospective revision of its 1980 Medicaid reimbursement rate, and (2) declaring the respondents’ policy of not recognizing increased operating costs until they become part of the base year to be arbitrary, capricious and unlawful.
Petitioner is a not-for-profit corporation which is established as a hospital and authorized to provide hospital services. In October of 1969, petitioner embarked upon a $27,000,000 capital construction project with the knowl-. edge and consent of respondents which resulted in the substantial expansion and renovation of its facilities. By reason of the expansion, petitioner has experienced significant increases in its over-all operating costs.
The petitioner subsequently, on July 31,1980, applied to the respondents for an adjustment in its Medicaid reimbursement rate pursuant to the provisions of section 86-1.17 of the respondents’ rules and regulations (10 NYCRR 86-1.17). By letter dated March 4,1981, the petitioner was advised that its application for a revised Medicaid rate was denied on the grounds that the increased operating costs *155 cited by petitioner are not recognized until they become part of the base year (they are prospective in nature). Petitioner thereupon appealed the said denial on April 2, 1981. On May 15,1981, petitioner received a final decision by a rate review officer denying petitioner’s appeal and advising petitioner that there were no issues of fact in dispute which warranted an administrative hearing and that all administrative remedies had been exhausted.
Petitioner commenced the instant article 78 proceeding contending that respondents’ policy of refusing to adjust Medicaid reimbursement rates until they have become part of the base year is arbitrary, capricious and unlawful in that it is in violation of respondents’ own rules and regulations (10 NYCRR 86-1.17) and Medicare reimbursement rates have been granted by the Federal Government as the result of substantial increases in over-all operating costs, and adjustments in reimbursement rates applicable to payments made to hospitals by Blue Cross have been granted by respondents as a result of significant increases in the over-all operating costs as the result of capital expansion, pursuant to 10 NYCRR 86-1.17, while such adjustments are denied with respect to Medicaid rates, and there is no rational basis for distinguishing between the two rates.
This court must agree with the contentions of the petitioner. Section 86-1.17 (a) (4) of title 10 of the Official Compilation of Codes, Rules and Regulations of the State of New York provides, insofar as pertinent, as follows:
“86-1.17 Revisions in certified rates, (a) The State Commissioner of Health may consider only those applications for prospective revisions of certified rates which are based on: ***
“(4) significant changes or increases in the overall operating costs of a medical facility resulting from capital renovation, expansion, replacement or the inclusion of new programs, staff or services approved for the medical facility by the commissioner. In the event a medical facility undergoes a substantial change in size or status, a special group may be developed using the revised data for the facility. The ceilings shall be calculated in accordance with section *156 86-1.14 of this Subpart, excluding the cost data of the facility. The costs and/or lengths of stay shall be limited, for reimbursement purposes, to the resulting group ceilings. The department shall make whatever changes are appropriate in the reimbursement rate of the facility only, which underwent the substantial change in size or status”.
This regulation allows interim relief to be granted to petitioner through a rate revision until the base year includes the increased cost and not force the petitioner to wait until the increased operating expenses experienced in 1980 become part of its base year for reimbursement purposes. Further, Blue Cross has frequently approved rate revisions for hospitals which have experienced increased operating costs due to capital expansion and the respondents’ policy has been to certify such Blue Cross rate revisions (which are prospective such as Medicaid) based upon increased operating costs under the provisions of 10 NYCRR 86-1.17. The respondents offer no explanation as to why this policy with respect to Blue Cross is distinguishable except to say that its approval of the Blue Cross rate revisions was administrative error and should not have been issued. The contradiction by respondents of their own rules and regulations without a rational basis is arbitrary and capricious and must be annulled by this court and the petition is granted. However, as the respondents have not made a substantive review of the petitioner’s application as to the operating costs themselves and what portion of them are allowable and reimbursable within the contemplation of the applicable rules and regulations, this matter is remanded to respondents for a substantive review of said costs.